UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

| | |
|---|---|
| **KIMBERLY FRANKLIN** and )<br>**TAMARA BOYD** )<br>)<br>    Plaintiffs )<br>)<br>v. )<br>)<br>**STEVE BESHEAR, et al.** )<br>)<br>)<br>    Defendants ) | CASE No. 3:13-CV-51 (GFVT)<br>*Electronically filed* |

## DEFENDANTS STEVEN L. BESHEAR, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF KENTUCKY, AND JACK CONWAY, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF KENTUCKY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

\* \* \* \*

Comes Defendant Steven L. Beshear,[1] in his official capacity as Governor of Kentucky ("Governor), and Defendant Jack Conway, in his official capacity as Attorney General of Kentucky ("Attorney General"), together "the Defendants", by counsel, and respond to Plaintiffs Kimberly Franklin and Tamara Boyd's Complaint for Declaratory and Injunctive Relief ("Complaint").

1. Paragraph 1.    Plaintiffs' Complaint speaks for itself and does not require a response.

2. Paragraph 2.    The Defendants admit that Plaintiffs have produced a marriage certificate from Connecticut and that Kentucky does not recognize same sex marriages. The Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiffs'

---

[1] Plaintiffs misspell Governor Beshear's name as "Steve Breshear" throughout their complaint.

allegations in the remainder of the paragraph and therefore cannot admit or deny those allegations.

3. Paragraph 3. The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

4. Paragraph 4. The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

5. Paragraph 5. The Defendants admit that Kentucky does not recognize same sex marriages. The Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in the remainder of the paragraph and therefore cannot admit or deny those allegations.

6. Paragraph 6. The Defendants admit that Kentucky does not recognize same sex marriages. The Defendants are without knowledge or information sufficient to form a belief as to the remainder of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

7. Paragraph 7. The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. The allegations also contain legal conclusions to which no answer is required.

8. Paragraph 8. The Defendants admit the allegations in this paragraph to the extent the paragraph merely quotes *U.S. v. Windsor*, 133 S.Ct. 2675 (2013). The paragraph contains legal conclusions to which no answer is required.

9. Paragraph 9. The Defendants admit that laws prohibiting marriage between people of different races were struck down as unconstitutional in *Loving v. Virginia*, 388 U.S. 1 (1967). The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remainder of Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

10. Paragraph 10. The Defendants admit that 13 states and the District of Columbia currently recognize same-sex marriages. The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remainder of Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

11. Paragraph 11. The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

12. Paragraph 12. The Defendants admit that Kentucky has enacted statutes regulating marriage. The Defendants further admit that "marriage contributes to society." The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remainder of Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

13. Paragraph 13. The paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny same.

14. Paragraph 14. Plaintiffs' Complaint speaks for itself and does not require a response.

15. Paragraph 15. The Defendants admit that Plaintiffs Franklin and Boyd have produced a marriage license from Connecticut. The remainder of the paragraph contains legal conclusions to which no response is required.

16. Paragraph 16. The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

17. Paragraph 17. The Defendants admit that Plaintiffs have produced a marriage license from Connecticut dated July 15, 2010, and that same-sex marriages were not recognized in Kentucky on that date.

18. Paragraph 18. The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

19. Paragraph 19. The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

20. Paragraph 20. The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

21. Paragraph 21. The Defendants admit that Plaintiffs would not qualify for the state inheritance tax rate for a married person.

22. Paragraph 22. The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

23. Paragraph 23. The Defendants admit that Steven L. Beshear is the Governor of Kentucky, the chief executive officer of the Commonwealth, and is responsible for taking care that the laws of the Commonwealth be faithfully executed. The Defendants deny that

Governor Beshear has any specific duties relating to the enforcement of determining which marriages are valid, as that has been committed by statute to county clerks. KRS 402.080; *Brown v. Barkley*, 628 S.W.2d 616, 623 (Ky. 1982).

24. Paragraph 24.    Admit. Plaintiffs' Complaint speaks for itself and requires no response.

25. Paragraph 25.    Admit. Plaintiffs' Complaint speaks for itself and requires no response.

26. Paragraph 26.    The Defendants admit that all Defendants are sued in their official capacities, as Plaintiffs' Complaint speaks for itself. The remainder of the paragraph contains legal conclusions which do not require a response.

27. Paragraph 27.    The Defendants admit that Plaintiffs' suit raises a federal question. The Defendants deny that this Court has jurisdiction for the reasons stated below.

28. Paragraph 28.    Admit.

29. Paragraph 29.    Admit.[2]

30. Paragraph 30.    Admit.

31. Paragraph 31.    The Defendants admit the allegations to the extent that Plaintiffs quote U.S. Supreme Court Cases.

32. Paragraph 32.    The paragraph contains legal conclusions which do not require a response.

33. Paragraph 33.    Admit.

34. Paragraph 34.    Admit.

35. Paragraph 35.    The Defendants admit that same-sex couples seeking to marry are just as willing as opposite-sex couples to assume the obligations of marriage. The Attorney General denies that same-sex couples can currently assume the obligations of marriage in Kentucky, as Kentucky law does not currently permit same-sex marriage.

---

[2] Plaintiffs cite to "Kentucky Constitution, Section 223A." The quotation is from KY. CONST. § 233A, and the Defendants presume that Plaintiffs intended to refer to that section.

36. Paragraph 36. The Defendants admit that if same-sex couples were permitted to marry under Kentucky law, then same-sex couples would benefit equally from the legal protections and social recognition afforded to married couples.

37. Paragraph 37. The Defendants admit that an individual's sex has previously been relevant to the individual's legal rights and duties within a marital relationship. The remainder of the paragraph contains legal conclusions which do not require a response.

38. Paragraph 38.    a. Admit.

    b. Admit.[3]

    The remainder of the paragraph contains legal conclusions which do not require a response.

39. Paragraph 39. The paragraph contains legal conclusions which do not require a response.

40. Paragraph 40. The paragraph contains legal conclusions which do not require a response.

41. Paragraph 41. The Defendants admit that if same-sex couples were permitted to marry under Kentucky law, then same-sex couples would benefit equally from the legal protections and social recognition afforded to married couples. The remainder of the paragraph contains legal conclusions which do not require a response.

42. Paragraph 42. The Defendants admit that if same-sex couples were permitted to marry under Kentucky law, then same-sex couples would benefit equally from the legal protections and social recognition afforded to married couples. The remainder of the paragraph contains legal conclusions which do not require a response.

43. Paragraph 43. The Defendants admit that if same-sex couples were permitted to marry under Kentucky law, then same-sex couples would benefit equally from the legal protections

---

[3] Plaintiffs cite to KRS 404.40, which does not exist. The Attorney General presumes Plaintiffs intended to refer to KRS 404.040.

and social recognition afforded to married couples. The remainder of the paragraph contains legal conclusions which do not require a response.

44. Paragraph 44.    The Defendants admit that if same-sex couples were permitted to marry under Kentucky law, then same-sex couples would benefit equally from the legal protections and social recognition afforded to married couples. The remainder of the paragraph contains legal conclusions which do not require a response.

45. Paragraph 45.    The Defendants admit that if same-sex couples were permitted to marry under Kentucky law, then same-sex couples would benefit equally from the legal protections and social recognition afforded to married couples. The remainder of the paragraph contains legal conclusions which do not require a response.

46. Paragraph 46.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

47. Paragraph 47.    The allegations in this paragraph state legal conclusions and do not require an answer.

48. Paragraph 48.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

49. Paragraph 49.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

50. Paragraph 50.    The paragraph contains legal conclusions which do not require a response.

51. Paragraph 51.    The Defendants are without knowledge or information sufficient to form a belief as to the whether recognizing the marriages of same-sex couples will burden the Commonwealth financially or constitute a burden on business. The remainder of the paragraph contains legal conclusions which do not require a response.

52. Paragraph 52.    This paragraph incorporates and restates Plaintiffs' prior allegations, and therefore, the Defendants' prior answers are incorporated and restated as if fully set forth herein.

53. Paragraph 53.    Admit.

54. Paragraph 54.    Admit.

55. Paragraph 55.    The Defendants admit that Kentucky does not recognize same-sex marriages. The remainder of the paragraph states legal conclusions which do not require an answer; however, to the extent an answer may be deemed to be required, the Defendants deny same.

56. Paragraph 56.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Defendants deny same.

57. Paragraph 57.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Defendants deny same.

58. Paragraph 58.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Defendants deny same.

59. Paragraph 59. This paragraph incorporates and restates Plaintiffs' prior allegations, and therefore, the Defendants' prior answers are incorporated and restated as if fully set forth herein.

60. Paragraph 60. Admit.

61. Paragraph 61. The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Defendants deny same.

62. Paragraph 62. The paragraph contains a legal conclusion which does not require a response.

63. Paragraph 63. The paragraph contains a legal conclusion which does not require a response.

64. Paragraph 64. The paragraph contains a legal conclusion which does not require a response.

65. Paragraph 65. Admit.

66. Paragraph 66. The Defendants admit that the American Psychological Association and the American Psychiatric Association have issued statements that all major national mental health organizations have officially expressed concerns about therapies promoted to modify sexual orientation and advise against such treatments. The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

67. Paragraph 67. The Defendants deny that homosexuals lack statutory protection against discrimination in employment at the federal level, as the EEOC recognizes sex-stereotyping against homosexuals to be a form of sex discrimination. *Castello v. Donahoe*, E.E.O.C. No.

0120111795 (Dec. 20, 2011). The Defendants admit that federal law does not recognize discrimination on the basis of sexual orientation in the housing context, and that Kentucky statutory law does not afford statutory protection against discrimination on the basis of sexual orientation in employment accommodations and housing. The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. The paragraph also contains legal conclusions which do not require a response.

68. Paragraph 68. The paragraph contains legal conclusions which do not require a response.

69. Paragraph 69. The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Defendants deny same.

70. Paragraph 70. The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Defendants deny same.

71. Paragraph 71. This paragraph incorporates and restates Plaintiffs' prior allegations, and therefore, the Defendants' prior answers are incorporated and restated as if fully set forth herein.

72. Paragraph 72. Admit.

73. Paragraph 73. Admit.[4]

74. Paragraph 74. The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Defendants deny same.

---

[4] Plaintiffs cite to "Kentucky Amendment 223A." The quotation is from KY. CONST. § 233A, and the Defendants presume that Plaintiffs intended to refer to that section.

10

75. Paragraph 75.   The Defendants admit that KRS 402.045(1) provides that "a marriage between members of the same sex which occurs in another jurisdiction shall be void in Kentucky." The Defendants deny that KRS 402.045(1) provides that "a legal status identical or substantially similar to that of marriage for unmarried individuals shall not be valid or recognized." The Defendants admit that KRS 402.045(2) provides that "any rights granted by virtue of the marriage, or its termination, shall be unenforceable in Kentucky courts."

76. Paragraph 76.   The paragraph contains a legal conclusion which does not require a response.

77. Paragraph 77.   The paragraph contains a legal conclusion which does not require a response.

78. Paragraph 78.   The paragraph contains a legal conclusion which does not require a response.

79. Paragraph 79.   The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Defendants deny same.

80. Paragraph 80.   The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Defendants deny same.

81. Paragraph 81.   The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Defendants deny same.

Plaintiffs' prayer for relief does not require a response, but to the extent an answer may be deemed necessary, the Defendants DENY that Plaintiffs are entitled to the requested relief or to any other relief whatsoever.

Any allegation of the Complaint not expressly admitted above is denied.

### FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part by res judicata and collateral estoppel.

### SECOND DEFENSE

Plaintiffs' Complaint fails to establish subject matter jurisdiction in this Court because Plaintiffs lack standing, as they have not alleged an injury in fact, Plaintiffs' claims are not ripe, and do not amount to an Article III "Case or Controversy."

### THIRD DEFENSE

Plaintiffs' Complaint fails to state a claim under 42 U.S.C. § 1983 and U.S. CONST. amend. XIV.

### FOURTH DEFENSE

Plaintiffs' claims are barred by the *Rooker-Feldmann* or *Younger* doctrine.

### FIFTH DEFENSE

Plaintiffs' claims are barred by U.S. CONST. amends. X and XI and KY. CONST. §§ 230 and 231.

### SIXTH DEFENSE

Plaintiffs' claims to attorney fees are barred because their underlying federal claims are barred as stated herein.

### SEVENTH DEFENSE

Plaintiffs fail to state a claim under Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

JACK CONWAY
ATTORNEY GENERAL

/s/ Clay Barkley
Clay Barkley
Brian Judy
Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL
700 Capital Avenue, Suite 118
Frankfort, KY 40601
clay.barkley@ag.ky.gov
(502) 696-5300